1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    FRED LEON JACKSON, JR.,

10             Plaintiff,                    No. CIV S-05-1872 LKK JFM P

11        vs.

12   DR. R. L. ANDREASEN, et al.,

13             Defendants.            FINDINGS & RECOMMENDATIONS

14   _____/

15             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16   42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss for failure to

17   exhaust administrative remedies prior to suit and for failure to state a claim upon which relief

18   may be granted.

19                    ALLEGATIONS OF THE COMPLAINT[1]

20             Plaintiff's complaint contains the following allegations.  At all times relevant to

21   this action plaintiff was confined at California Medical Facility (CMF) in Vacaville, California.

22   Defendant Dr. Andreasen was the Chief Medical Officer at CMF, defendant Dr. Bick was also a

23   Chief Medical Officer at CMF, and defendant Dr. Khoury was the Chief Deputy Warden for

24   Clinical Services at CMF.

25   _____

26        [1]  This action is proceeding on plaintiff's original complaint, filed September 19, 2005.

1

On May 17, 2001, because his "left leg was bleeding and massively swollen" plaintiff was seen by Dr. Leonard Meyers, who is not a defendant in this action, Complaint, filed September 19, 2005, at 5.  Dr. Meyers took a culture of the drainage from plaintiff's leg wound and sent it an outside laboratory.  On May 20, 2001, Dr. Meyers ordered medical staff to give plaintiff stomach injections of high doses of antibiotics to treat the leg wound.  Plaintiff began to bleed internally from the injections and was taken to an emergency room in Napa, California to stop the bleeding.  Plaintiff returned to CMF on or about June 1, 2001, and continued to see Dr. Meyers as his physician.

Dr. Meyers had been assigned by Dr. Andreasen assigned to treat plaintiff because plaintiff had filed an earlier lawsuit against defendant Andreasen and other CMF staff.  On or about June 15, 2001, plaintiff complained to defendant Andreasen about the medical care he was receiving from Dr. Meyers and requested assignment to another physician.  Defendant Andreasen refused.

During attempts to find information necessary to serve process on Dr. Meyers in an earlier case, plaintiff was informed by an employee of Medical Board of California that Dr. Meyers was not licensed to practice medicine in California.  Plaintiff also sought relief from various other agencies

Plaintiff claims that defendants violated his rights under the Eighth Amendment by failing to train and supervise Dr. Meyers and by retaliating against him by assigning him to Dr. Meyers.  He also raises a conspiracy claim and a pendent state law negligence claim.

DEFENDANTS' MOTION TO DISMISS

I. Failure to Exhaust Administrative Remedies

Section 1997e(a) of Title 42 of the United States Code provides in relevant part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741

1   (2001).  In California, administrative procedures generally are exhausted once a plaintiff has

2   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

3   15 Cal. Code Regs. § 3084.5.

4         The exhaustion requirement of 42 U.S.C. § 1996(e) is an affirmative defense.  See

5   Jones v. Bock, __ U.S.__, __, 127 S. Ct. 910, 921 (2007).  Defendants have the burden of

6   "raising and proving the absence of exhaustion," which they may do in an unenumerated Rule

7   12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.), cert. denied sub nom.

8   Alameida v. Wyatt, 540 U.S. 810 (2003).  "In deciding a motion to dismiss for a failure to

9   exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed

10  issues of fact."  Id. at 1119-20.  When the court concludes that the prisoner has not exhausted

11  administrative remedies on a claim, "the proper remedy is dismissal of the claim without

12  prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert.

13  denied ___U.S.___, 127 S. Ct. 1212 (2007).

14        In support of their motion to dismiss, defendants present evidence that plaintiff

15  failed to pursue to the Director's Level of Review his administrative grievance concerning the

16  events complained of in the instant action.  See Declaration of N. Grannis in Support of Motion

17  to Dismiss Complaint, filed May 7, 2007.  In opposition to the motion, plaintiff points to an

18  administrative grievance that he submitted on or about September 12, 2002, in which he alleged

19  that Dr. Meyers was not licensed to practice medicine in California.  See Attachment I to

20  Complaint, filed September 19, 2005.  In the grievance, plaintiff sought an investigation into the

21  alleged failure to check Dr. Meyer's license and background before he was allowed to treat

22  inmates at CMF, reprimand of "management staff" for failing to investigate Dr. Meyers'

23  background, money damages, and criminal prosecution of Dr. Meyers.  Id.  That grievance was

24  denied at the first and second formal levels of administrative review on the grounds that Dr.

25  Meyers had a current and valid license to practice medicine while he was employed at CMF.  Id.

26  The first level response also stated that "[e]ven if Dr. Meyers was not licensed by the State of

3

1  California, he may have worked here for up to two years while his licensing was compiled by the

2  California Medical Boards." Id.  Plaintiff's grievance was rejected at the Director's Level on the

3  ground that plaintiff had "not demonstrated that the departmental decision, action, condition or

4  policy adversely affects [his] welfare." Id.

5  In the instant action, plaintiff claims that defendants violated his constitutional

6  rights by failing to properly train and supervise Dr. Meyers, and by "committing acts of

7  retaliation, crimes and conspiracy to 'cover-up' and 'conceal'" that Dr. Meyers was not licensed

8  to practice medicine in California.  (Complaint, at 1-2.)  The subject of plaintiff's administrative

9  grievance was the allegation that Dr. Meyers lacked a license to practice medicine while he was

10  employed at CMF, and the alleged failure of "management" to investigate the supposed absence

11  of a license.  The action at bar is grounded in allegations of failure to train and supervise Dr.

12  Meyers, and alleged retaliatory and other acts committed to cover-up the alleged absence of a

13  license.  Plaintiff did not present any of these allegations in his grievance.

14  For the foregoing reasons, this court finds that plaintiff failed to exhaust

15  administrative remedies for the claims at bar prior to filing this action.  Accordingly, defendants'

16  motion to dismiss should be granted and this action should be dismissed without prejudice.

17  In accordance with the above, IT IS HEREBY RECOMMENDED that:

18  1.  Defendants' May 7, 2007 motion to dismiss be granted; and

19  2.  This action be dismissed without prejudice.

20  These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.[2]  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

25

26  [2] **The twenty day period will not be extended.**

4

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2008.

UNITED STATES MAGISTRATE JUDGE

12

2jack1872.157