IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,                      No. CIV S-05-1872 LKK JFM P

    vs.

DR. R. L. ANDREASEN, et al.,

    Defendants.              ORDER

                                  /

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On March 6, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.

The findings and recommendations recommend dismissing this action on the grounds that plaintiff failed to exhaust his administrative remedies. In a September 12, 2002 administrative appeal, plaintiff stated that he had recently discovered that Leonard Meyers was not a licensed

1

physician.[1]  Compl, Ex. I.  Accordingly, plaintiff requested that an investigation be conducted into why Meyers' licensing status was not checked prior to his employment with California Medical Facility (CMF) and that CMF management staff be formally reprimanded for their failure to investigate Meyers' background.  Id.  The magistrate judge found that plaintiff's complaint in this action, however, advanced a wholly different claim, namely, a claim for retaliation at the hands of CMF officials for plaintiff's previous lawsuit against defendant Dr. Andreasen.  Dr. Andreasen was plaintiff's former physician who subsequently assigned Meyers to treat plaintiff after plaintiff filed a lawsuit against Andreasen.  The retaliation would presumably cover Dr. Andreasen's knowing assignment of an unlicensed individual to treat plaintiff, as well as the alleged "cover-up" of that individual's licensing status.

While this is certainly a plausible reading of the complaint, the court disagrees that it is a necessary one.  Instead, the crux of plaintiff's complaint appears to revolve around the allegation that Meyers was unlicensed and that defendants failed to investigate his licensing status, rather than Dr. Andreasen's alleged retaliation.  See Compl. ¶ 23 (on 8/1/02, plaintiff allegedly discovers that Meyers is not licensed); id. ¶ 24 (on 8/31/02, plaintiff allegedly contacts DEA to request investigation and prosecution of  Meyers); id. ¶ 25 (on 9/1/02, plaintiff allegedly contacts U.S. Attorney's Office to request investigation and prosecution Meyers); id. ¶ 16 (alleging that defendants "fail[ed] to undertake a thorough background and clearance investigation of Meyers['] licensing and professional qualifications").  This, too, was the crux of plaintiff's grievance.  Compl, Ex. I.  To the extent that the complaint alleges a claim for retaliation, it may appropriately be dismissed without prejudice for failure to exhaust administrative remedies.  But

---

[1] Plaintiff pursued this grievance through the first two level of appeals but when he attempted to pursue a third (and final) level appeal, it was not accepted on the grounds that he had failed to demonstrate that the complained of action affected his welfare.
   In response to the first two level of appeals, the state indicated that Meyers did, in fact, have a current license to practice medicine through June 2002, and that even if Meyers was not licensed in the State of California, he could have worked in the state for two years while his licensing was compiled according to the California Medical Board.  Notably, due to plaintiff's apparent inability to serve Meyers, Meyers is not a defendant in this action.

to the extent that the complaint presents an Eighth Amendment claim independent of such retaliation,[2] the court finds that plaintiff did exhaust his administrative remedies.

In light of the court's departure from the magistrate judge's recommended ruling, the court must also address alternate grounds raised in the motion to dismiss that were not addressed by the findings and recommendations. Defendants also move to dismiss the conspiracy claim on the grounds that plaintiff has failed to allege specific facts. With respect to this argument, the court agrees that the conspiracy allegations lack sufficient detail and dismisses the conspiracy claim. See Burns v. County of King, 883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim).

Defendants also move to dismiss on the grounds that failure to train is not cognizable under § 1983, relying on City of Canton v. Harris, 489 U.S. 378, 385 (1989). Even if all of plaintiff's claims could be characterized in such terms, which is itself unclear, City of Canton states that "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." Id. at 387. That said, plaintiff must ultimately prove that defendants affirmatively acted to authorize or approve Meyers' hiring, despite his purported absence of a license. See, e.g., Williams v. Ward, 553 F. Supp. 1024, 1027 (S.D.N.Y. 1983) (finding that the hiring of an unlicensed physician by the Commissioner of the Department of Corrections was actionable under § 1983).

Finally, to the extent the defendants are sued in their official capacities for damages, the Eleventh Amendment bars suit; but the caption to the complaint indicates the defendants are being sued in both their individual and official capacities, and plaintiff also seeks injunctive relief.

///

///

---

[2] Perhaps Andreasen's *assignment* of Meyers to plaintiff was in retaliation for plaintiff's previous lawsuit, but it is unlikely the same can be said for the *hiring* of Meyers.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 6, 2008, are adopted in part, and

2. Defendants' May 7, 2007 motion to dismiss is granted in part and denied in part.

DATED: March 28, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT