IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON,

      Plaintiff,                    No. 2:05-cv-1872 LKK JFM (PC)

    vs.

DR. R.L. ANDREASEN, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On April 14, 2008, plaintiff filed a motion for temporary restraining order and/or preliminary injunction.  Plaintiff's motion contains the following allegations.  In 2005, plaintiff filed a lawsuit in this court against individuals who are also defendants in this action; that lawsuit alleged that those individuals had retaliated against plaintiff by transferring him to a prison that could not accomodate his medical needs.  That action was assigned case number CIV S-05-0800 LKK EFB P.  The latter action was settled on February 13, 2008.  Since that time defendants in this action are refusing to accept, or delaying, plaintiff's transfer back to California Medical Facility (CMF).  Plaintiff seeks an evidentiary hearing requiring defendants to show cause why they have not accepted plaintiff back at CMF and prohibiting defendants "from committing any further acts of harassment, or retaliation of plaintiff during the pendency of this action in this Court."  Motion for Temporary Restraining Order, Or in the Alternative an Application for a Preliminary Injunction, filed April 14, 2008, at 2.

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting).

1    The principal purpose of preliminary injunctive relief is to preserve the court's
2 power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11
3 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer
4 irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair
5 chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International,
6 Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International
7 Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit
8 in this required showing is that the relief awarded is only temporary and there will be a full
9 hearing on the merits of the claim raised in the request for injunctive relief when the action is
10 brought to trial.
11    The instant action is proceeding on plaintiff's claim that defendants violated his
12 rights under the Eighth Amendment by failing to investigate the licensing status of a physician
13 who treated plaintiff while he was at CMF and by acting affirmatively to authorize or approve the
14 hiring of said physician despite the absence of a medical license. See Order filed March 28,
15 2008, at 2-3. This action is not proceeding on any claim of retaliation. See id. at 2.[1] Because the
16 claim raised in plaintiff's motion for injunctive relief is not part of the underlying complaint, it
17 will not be heard on the merits in this action. For this reason, plaintiff's motion for injunctive
18 relief is not cognizable in this action and should therefore be denied.
19    In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
20 April 14, 2008 motion for temporary restraining order and/or preliminary injunction be denied.
21    These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] Nor could plaintiff amend the claim raised in his motion for injunctive relief into the pending action. Prisoners are required to exhaust administrative remedies before proceeding with a federal civil rights action claiming a violation of federal constitutional rights. See 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). The claim presented in the instant motion arose in 2008, almost three years after the instant action was filed.

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
4  failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: June 3, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
jack1872.tro

4