IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,       No. 2:05-cv-1872 LKK JFM (PC)

    vs.

DR. R.L. ANDREASEN, et al.,

    Defendants.       ORDER

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for relief from the judgment entered in this action on February 20, 2009.  By order filed April 2, 2009, plaintiff was granted thirty days to supplement the motion with several documents.  On May 18, 2009 and June 23, 2009, plaintiff filed motions concerning an alleged denial of access to the prison law library.  By order filed August 12, 2009, defendants were directed to file and serve a response to those motions.  Defendants have now filed their response.

    With their response, defendants present evidence that plaintiff's last recorded request to use the law library was made on February 25, 2009, and the request was granted.  See Declaration of Maria McAtee in Support of Response to Alleged Denial of Access to Prison Law Library, filed August 25, 2009, at ¶ 3.  Plaintiff has presented no evidence in support of his

1

assertion that he is being denied access to the law library.[1]  Accordingly, plaintiff's motions will be denied.  Plaintiff will be given one final opportunity to supplement his motion for relief from judgment.  No extensions of time will be granted for any reason, and failure to supplement the motion will result in a recommendation that it be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 18, 2009 and June 23, 2009 motions are denied.

2.  Plaintiff is granted one final period of thirty days from the date of this order in which to supplement his motion for relief from judgment.  No further extensions of time will be granted for any reason.

DATED: August 27, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
jack1872.o3

---

[1] In his June 23, 2009 motion, plaintiff represents that the housing unit he is housed in "was" on lock-down status because an elevator was non-operational, that he requires an elevator because he is mobility impaired, and that when elevators are non-operational he is restricted to his housing unit.  Plaintiff has given no indication of the period of time the elevator was non-operational, nor is there any indication how this relates to his ability or inability to access the law library and/or legal materials.